012013

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JEANNINE GIVENS, ) | |
| ) | |
| Plaintiff, ) | No. 12cv6 EJM |
| vs. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| Defendant. ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability and supplemental security income benefits. Briefing concluded September 10, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of November 1, 2001, plaintiff alleges disability due to multiple impairments including depression, anxiety, lumbar radiculopathy, post herpetic neuralgia, hepatitis C, fatigue, chronic back and pelvic pain, migraines, foot and knee pain, ulnar radiculopathy, and obesity. She asserts the Administrative Law Judge (ALJ) failed to follow the Commissioner's policies in evaluating her residual functional capacity (RFC), failed to properly evaluate the opinion of treating physician Dr. Fortson, and failed to follow a remand order. Accordingly, she asserts the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include depression, obesity, diabetes, hepatitis C, and a lumbar spine fracture, but further found she retained the RFC to engage in substantial gainful activity.

This matter is the subject of an ALJ decision on August 20, 2004 (T. 62-70), followed by an Appeals Council remand on August 22, 2005 (T. 104-107), an ALJ decision on April 13, 2007 (T. 74-86), followed by an Appeals Council remand on November 7, 2008 (122-124), an ALJ decision on April 19, 2010 (T. 22-39), an Appeals Council denial of an application for further review on November 10, 2011 (T. 10-14), and this action filed January 12, 2012.

The Appeals Council remand of November 7, 2008 included an observation that the testimony of medical expert Dr. Ziegler (who opined that considering objective evidence only, plaintiff's limitations would include standing for 2-3 hours per day, walking for 2 city blocks, and sitting no more than six hours per day), was not adequately evaluated by the ALJ, nor did the ALJ explain why Dr. Ziegler's

opinion was not incorporated into the RFC.  The record reflects that Dr. Ziegler further noted that psychiatric problems may compound pain intolerance, that the RFC evaluation by Dr. Fortson was not in his view consistent with objective testing and examination, and that in his opinion there was interplay between psychiatric problems and organic disturbance which would further limit plaintiff.  T. 923. Additionally, the remand order of November 7, 2008 noted the record contained an examination report that conflicted with Dr. Zeigler's opinion, to wit, Dr. Lips' report that during her examination of plaintiff on August 3, 2006, she did not observe plaintiff to have any obvious motor or physical abnormalities.  The remand order further noted that the ALJ's RFC findings did not contain rationale reflecting plaintiff's obesity was considered notwithstanding having been found to be a severe impairment, and also found that RFC didn't adequately describe plaintiff's mental abilities.  The remand order directed development and further evaluation of plaintiff's impairments and RFC, including updating her medical record, and obtaining an orthopedic consultative examination to resolve conflicting views in the record and clarify the severity of plaintiff's impairment.  Additionally, the remand order directed that upon remand, the ALJ take appropriate action to resolve the issues set forth therein, including those noted above.

Plaintiff first asserts that in the ALJ decision of April 19, 2010 following the November 7, 2008 Appeals Council remand, the ALJ erred in failing to mention or consider Dr. Zeigler's opinion and limitations contained therein (T. 916-925), nor

3

did the ALJ endeavor to reconcile the views of Dr. Zeigler with those of Dr. Lips, as directed by the Appeals Council. Accordingly, plaintiff asserts the ALJ did not consider the views of Dr. Zeigler, and therefore could not have considered the record as a whole.

Plaintiff further asserts that the ALJ failed to properly consider obesity in the decision of April 19, 2010. In support, plaintiff urges that while the ALJ there noted her obesity and the limitations given by Dr. Kuhnlein thereon, again, as he did not mention or consider the limitations observed by Dr. Zeigler, the ALJ's decision is not based upon the record as a whole.

Next, plaintiff asserts that in the decision of April 19, 2010, the ALJ erred in not properly incorporating her claimed pain into the RFC. In support, plaintiff asserts that as it pertains to pain limitations, the RFC is consistent with neither the medical evidence of record, nor her testimony, including the opinions of treating physician Fortson and Dr. Zeigler.

Additionally, plaintiff asserts that in the decision of April 19, 2010, the ALJ failed to afford adequate weight to the opinion of treating physician Dr. Fortson, and erred in failing to recontact Dr. Fortson to clarify an observation Fortson made based upon "personal experience," or to determine why Dr. Fortson's second assessment changed (for the worse) from his first assessment.

Finally, plaintiff again asserts that in the decision of April 19, 2010, the ALJ failed to follow the Appeals Council's remand order in failing to resolve

inconsistencies with regard to Dr. Zeigler's opinion, and in failing to properly assess the opinion of treating and non-treating sources, properly evaluate obesity, and properly address her RFC.

On the matter of the ALJ's review of Dr. Zeigler's opinion on remand, defendant asserts that the remand order vacated the ALJ's decision, and therefore any testimony preceding the decision, including Dr. Zeigler's testimony, was vacated as well, and defendant further asserts that the Appeals Council did not direct the ALJ to evaluate Dr. Zeigler's opinion on remand.

Upon review, the court does not share defendant's reading of the Appeals Council decision. While the Appeals Council reversed the ALJ's decision, the entire medical record, including Dr. Zeigler's testimony, was not vacated by the Appeals Council decision. Moreover, it is the court's view that Appeals Council expressly directed the ALJ to resolve the issue of inadequate evaluation of Dr. Zeigler's opinion, including explaining why it was not incorporated into the RFC, as well as resolving the conflict between Dr. Zeigler's opinion and Dr. Lips' opinion. Notwithstanding this direction, the ALJ did not comment upon Dr. Zeigler's opinion. In light of the record, is the court's view that this omission renders the ALJ's decision unsupported by substantial evidence on the record as a whole.

The court notes the more limited RFC finding in the ALJ decision of April 19, 2010, as compared to the RFC finding in the ALJ decision of April 13, 2007, and the potential similarity between the more recent decision and the RFC attributable

to Dr. Zeigler's view of the objective signs, without taking into consideration Dr. Zeigler's observations regarding plaintiff's subjective allegations and the interplay between organic disturbance and psychiatric problems. On remand, the Commissioner shall consider the effect of Dr. Zeigler's views upon matters including assessment of obesity, pain, and the weight accorded the views of Dr. Fortson, as well as any effect upon the most recent and more limited RFC.

Upon the foregoing, this matter shall be reversed and remanded for further consideration in accordance herewith.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

January 22, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT